UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Accredited Specialty Insurance Company, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>King and Society Construction, LLC and, )<br>King and Society, LLC )<br>)<br>Defendants. )<br>)<br>) | Case No.: 2:25-cv-00687-DCN<br><br>**PLAINTIFF'S DECLARATORY JUDGEMENT COMPLAINT AGAINST DEFENDANTS** |

NOW COMES Plaintiff Accredited Specialty Insurance Company (hereafter "Plaintiff") complaining of Defendant King and Society Construction, LLC (hereafter "Defendant KSC") and Defendant King and Society, LLC (hereafter "Defendant KS") (Defendant KSC and Defendant KS will sometimes be collectively referred to as the "Defendants"), and alleges and states that:

Plaintiff files this Complaint pursuant to South Carolina Code Annotated §15-53-10, *et. seq.*, the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201 and Federal Rule of Civil Procedure 57.

**PARTIES, JURISDICTION, & VENUE**

1. Plaintiff is registered to conduct business in the state of South Carolina and is domiciled in Arizona.

2. Defendant KSC is a limited liability company organized and existing pursuant to the laws of the state of South Carolina and is located in Charleston County, South Carolina.

3. Defendant KS is a limited liability company organized and existing pursuant to the laws of the state of South Carolina and is located in Charleston County, South Carolina.

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

5. Jurisdiction and venue are proper.

## **FACTUAL ALLEGATIONS**

6. Plaintiff reincorporates by reference, as if set forth at length herein, Paragraphs 1 through 5.

7. Defendant KSC is a limited liability company located in Charleston County, South Carolina and provides its customers construction related services.

8. Upon information and belief, Defendant KS is also a limited liability company located in Charleston County, South Carolina and also provides its customers construction related services.

### Defendant KS' Work at the Property

9. Upon information and belief, on or about May 21, 2021, Defendant KS entered into a contractual relationship with Dean Paone (an individual and resident of Berkeley County, South Carolina) (hereafter "Paone") pursuant to which Defendant KS would provide labor, services and materials for the construction of a residence at 280 Captain Goddard Road, Daniel Island, South Carolina 29492 (hereafter the "Property").  A copy of the written contract by and between Defendant KS and Paone is attached hereto as Exhibit "A."

10. The written contract by and between Defendant KS and Paone clearly identifies "King and Society, LLC" as the "Contractor."  See Exhibit A.

11. The written contract by and between Defendant KS and Paone does not identify nor mention, in any capacity, Defendant KSC.  See Exhibit A.

12. Upon information and belief, on or about March 24, 2023, Defendant KS last provided labor, services and materials to the Property.

13. Upon information and belief, as of March 24, 2023, Defendant KS was owed monetary amounts from Paone for the labor, services and materials Defendant KS provided to the Property.

<u>The Policy</u>

14. On May 20, 2023, Plaintiff issued to Defendant KSC a policy of insurance bearing policy number 2ACPSC17S011482300 which was effective until May 20, 2024 (hereafter the "Policy").  A copy of the Policy is attached hereto as Exhibit "B."

15. The Policy identifies "Who is an Insured", which are:

    a. the limited liability company (Defendant KSC);

    b. the members of Defendant KSC, but only with respect to the conduct of the business of Defendant KSC; and

    c. the managers of Defendant KSC, but only with respect to their duties as managers of Defendant KSC.

<u>See</u> Exhibit B.

16. The Policy further provides Defendant KSC's "rights and duties under this policy may not be transferred without [Plaintiff's] written consent."  <u>See</u> Exhibit B.

17. At no time has Plaintiff consented to any transfer of the Policy.

18. Defendant KS is not an insured pursuant to the Policy.

19. At no time has Plaintiff had any legal relationship, through a policy of insurance or otherwise, with Defendant KS.

<u>Defendant KS' dispute with Paone</u>

20. On May 22, 2023, Defendant KS filed a Notice and Claim of Mechanic's Lien and Statement of Account in Berkeley County, South Carolina as against the Property alleging

Defendant KS was owed a principal amount equal to $72,543.19 (hereafter the "Lien"). The Lien is recorded in Deed Book RB4561, pages 749-754, records of Berkeley County, South Carolina. A true and correct copy of the Lien is attached hereto as Exhibit "C."

21. The Lien, notarized under penalty of perjury, provides that Defendant KS furnished labor, services and materials to the Property at the request of Paone. The Lien does not identify nor mention Defendant KSC. Notably, the Lien is notarized May 16, 2023, which is 6 days prior the Policy being issued to Defendant KSC.

22. Attached to the Lien is an Affidavit of Account, also notarized under penalty of perjury, which is executed by Michael T. Barber, the "Owner" of Defendant KS. Mr. Barber's sworn statement confirms Defendant KS worked at the Property under the direction of Paone. Mr. Barber makes no mention of Defendant KSC in any capacity. Notably, Mr. Barber's sworn Affidavit of Account is dated April 23, 2023, which is one month prior to the Policy being issued to Defendant KSC.

23. On June 23, 2023, Defendant KS filed a Verified Summons and Complaint against Paone regarding the Property styled *King & Society, LLC v. Dean M. Paone, Court of Common Pleas, Berkeley County, Civil Action No. 2023-CP-08-01725* (hereafter the "Defendant KS Civil Action"). A copy of Defendant KS' Verified Summons and Complaint is attached hereto as Exhibit "D."

24. The Defendant KS Civil Action provides:

    a. Defendant KS "entered into a contract with [Paone] for labor and services to be provided by [Defendant KS] to [Paone} for labor to be performed or furnished and/or for materials to be furnished and used for the improvement and/or repair of said Property" (see ¶ 7);

    b. Defendant KS "pursuant to its contractual obligations to [Paone], provided labor and services to [Paone] for the improvement and/or repair of the Property" (see ¶ 8); and

    c. Defendant KS' "cause of action stems from [Paone's] failure and refusal to adhere to their contractual obligations and pay/satisfy an outstanding contract balance due and owing to [Defendant KS]" (see ¶ 9).

See Exhibit D.

25. The Defendant KS Civil Action includes causes of action for Foreclosure of Mechanic's Lien, Suit of Verified Account, Quantum Meruit, Suit on Guaranty, Unjust Enrichment, Breach of Contract, and Violation of S.C. Code Ann. § 27-1-15. See Exhibit D.

26. At no point in the 11-page, 50+ paragraph Defendant KS Civil Action does Defendant KS mention or identify Defendant KSC. See Exhibit D.

27. On August 31, 2023, Paone filed an Answer and Counterclaim to the Defendant KS Civil Action. Notably, Paone admitted:

    a. Defendant KS "entered into a contract with [Paone] for labor and services to be provided by [Defendant KS] to [Paone} for labor to be performed or furnished and/or for materials to be furnished and used for the improvement and/or repair of said Property"; and

    b. Defendant KS "pursuant to its contractual obligations to [Paone], provided labor and services to [Paone] for the improvement and/or repair of the Property."

28. Also notable, Paone did not identify Defendant KSC in any fashion nor did Paone allege any affirmative defenses that a necessary or indispensable party was needed for just adjudication.

29. In his Counterclaim, Paone alleged:

    a. Defendant KS "served as the general contractor for the construction of the Residence" (see ¶ 42);

    b. "The Residence contains a number of construction defects and safety issues" (see ¶ 43); and

    c. "[Paone], due to recent investigations, has determined that the Residence is extensively damaged, which damage was proximately caused by [Defendant KS], their agents, servants, employees and/or subcontractors." (see ¶ 44).

30. On April 1, 2024, Paone filed a Motion to Compel Arbitration which relies upon the terms of the written agreement by and between Defendant KS and Paone. See Exhibit A.

31. On May 15, 2024, Defendant KS filed its Answer to Paone's Counterclaim in which Defendant KS again admits "it entered into a contract with [Paone] related to construction, improvement, and/or repair of the Property."

32. Defendant KS' May 15, 2024 Answer to Paone's Counterclaim fails to identify in any manner Defendant KSC or any alleged involvement by Defendant KSC at the Property. In fact, Defendant KS asserts a total of 44 affirmative defenses, none of which include any allegation that a necessary or indispensable party was needed for just adjudication.

### Defendant KS begins to allege Defendant KSC is involved

33. On July 16, 2024, Defendant KS filed a Motion to Amend its Complaint in the Defendant KS Civil Action for the purpose of adding Defendant KSC as a Plaintiff. In doing so and despite the sworn content of the Lien and prior verified pleadings in the Defendant KS Civil Action, Defendant KS alleges:

a. "KSC is a necessary and proper party to this action without whom complete relief or just resolution of the claims could not be effectuated as KSC claims an interest relating to the subject of the action and is so situated that the disposition of this action in KSC's absence will impair or impede its ability to protect its interests and leave the parties subject to a substantial risk of incurring inconsistent obligations"; and

b. "KSC is a real party in interest and the claims and counterclaims at issue in this litigation all arise out of the conduct, transaction, or occurrence, or series of transactions and occurrences (i.e., the construction and/or repair of [Paone's] residence)."

34. On July 31, 2024, prior to any ruling upon Defendant KS' July 16, 2024 Motion to Amend its Complaint, Defendant KS and Paone enter into a Consent Order pursuant to which they each agree "All claims by or between Plaintiff King & Society, LLC and Defendant Dean Paone arising out of or in any way related to the Property shall be compelled to arbitration pursuant to the contract between the Parties." Defendant KS and Paone agreed that Blanton O'Neal, Esq. would serve as the arbitrator.

35. The Consent Order is devoid of any mention or reference to Defendant KSC.

<u>The Arbitration</u>

36. With the Defendant KS Civil Action stayed and compelled to arbitration, on October 10, 2024, Defendant KS and Defendant KSC jointly filed an Amended Complaint against Paone in arbitration (hereafter the "Arbitration Complaint") a copy of which is attached hereto as Exhibit "E."

37. The Arbitration Complaint clearly delineates and identifies Defendant KS and Defendant KSC as separate and distinct legal entities. See ¶¶ 1-2 of Exhibit E.

38. Thereafter, the Arbitration Complaint lacks distinction by and between Defendant KS and Defendant KSC and at times seemingly alternates and switches between alleging whether Defendant KS was involved or Defendant KSC was involved. Compare ¶ 8 wherein it is alleged both Defendant KSC and Defendant KS "entered into a contract" with Paone. Yet ¶ 9 wherein it is alleged Defendant KS provided labor and services "pursuant to its contractual obligations" to Paone. And ¶ 10 wherein it is alleged Defendant KSC maintained an agreement with Paone and ¶ 11 wherein it is alleged Defendant KSC hired subcontractors. Yet ¶ 12 alleges both Defendant KS and Defendant KSC "received partial payment" from Paone. See Exhibit E.

39. Ultimately, the Arbitration Complaint alleges, on behalf of both Defendant KS and Defendant KSC, that Paone owes both Defendant KS and Defendant KSC money.

40. Interestingly, the Arbitration Complaint does not re-assert Defendant KS' prior claim for foreclosure of the Lien. Again, the Lien, under penalty of perjury, provided that Defendant KS solely had an agreement with Paone and that Paone owed Defendant KS money. The Lien does not mention nor identify Defendant KSC whatsoever. Upon information and belief, shortly after filing the Arbitration Complaint, Defendant KS filed a release and/or cancellation of the Lien.

41. On October 28, 2024, Paone filed his Answer and Counterclaim to the Arbitration Complaint, a copy of which is attached hereto as Exhibit "F."

42. Notably, Paone admits "[Defendant KS] pursuant to its contractual obligations to [Paone], provided labor and services to [Paone] for the improvement and/or repair of the Property." See Exhibit F at ¶ 8.

43. Yet, Paone denies he entered into a contract with Defendant KSC. See Exhibit F at ¶ 7.

44. In fact, Paone alleges "[Paone] hired [Defendant KS] to construct a single-family residence on the Property (the "Residence") and entered into a written agreement to that effect." See Exhibit F at ¶ 31.

45. Paone further alleges "[Defendant KSC] alleges that it provided materials, labor and services to the construction of the Residence. Prior to this lawsuit, [Paone] had no knowledge of the existence of [Defendant KSC]." See Exhibit F at ¶ 36.

Notice to Plaintiff

46. On or about November 1, 2024, Defendant KSC finally sent notice of this entire matter to Plaintiff and demanded coverage pursuant to the Policy.

47. At that time, Defendant KSC notified Plaintiff that "depositions were set in December" and that a final arbitration hearing would occur during the first 90 days of 2025.

48. On December 18, 2024, Plaintiff sent to Defendant KSC a Notice of Reservation of Rights regarding the claims brought by Paone and the Policy. A true and correct copy of the Notice of Reservation of Rights is attached hereto as Exhibit "G."

49. Plaintiff's Notice of Reservation of Rights to Defendant KSC included coverage related issues, including:

    a. Plaintiff specifically and explicitly denies that coverage exists as it relates to the following causes of action contained in Paone's counterclaims: Breach of Implied

  Warranties; Breach of Contract; Negligent Misrepresentation; and the South Carolina Unfair Trade Practices Act;

 b. Defendant KSC did not work at the Property;

 c. Defendant KS is not an insured pursuant to the Policy;

 d. Defendant KSC did not provide timely notice to Plaintiff;

 e. The Contractors Special Condition of the Policy which required Defendant KSC to obtain from any independent contractors who worked at the Property, a written indemnity agreement and certificates of insurance naming Defendant KSC as an additional insured;

 f. Exclusion for Pending and Prior Litigation;

 g. The Fungi, Mold and Bacteria Exclusion; and

 h. The Punitive Damages Exclusion.

<u>See</u> Exhibit G.

50. This matter involves a declaratory judgment action to determine whether coverage exists pursuant to the Policy for the claims brought by Paone.

51. Plaintiff brings this matter pursuant to the South Carolina Code Annotated § 15-53-10, *et. seq.* and involves an actual, justiciable controversy between the parties as described herein.

52. This action is brought pursuant to the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201 (Supp. 2002) and seeks a declaration that the Policy does not provide insurance coverage as it relates to the claims alleged by Paone.

### FOR A FIRST CAUSE OF ACTION
**(Declaratory Judgment Action)**

53. Plaintiff reincorporates by reference, as if set forth at length herein, Paragraphs 1 through 52.

54. Plaintiff alleges there is no coverage and no duty to defend pursuant to the Policy for the claims alleged by Paone.

55. Plaintiff provided timely and written notice to Defendant KSC. See Exhibit G.

56. This Court has authority to grant declaratory relief and judgment and to declare the rights and other relations of these interested parties pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201 and, since this Court is sitting in diversity, pursuant to the South Carolina Uniform Declaratory Judgments Act, S. C. Code Ann. Section 15-53-10 et seq. and Section 15-53-40 relating specifically to construction of an insurance contract.

57. Plaintiff is entitled to a declaration that there is no coverage pursuant to the Policy for the claims brought forth by Paone against Defendant KS.

58. Plaintiff is entitled to a declaration that there is no coverage pursuant to the Policy for the following causes of action contained in Paone's counterclaims: Breach of Implied Warranties; Breach of Contract; Negligent Misrepresentation; and the South Carolina Unfair Trade Practices Act.

59. Plaintiff is entitled to a declaration that there is no coverage pursuant to the Policy for the claims brought forth by Paone against Defendant KSC.

60. Plaintiff is entitled to a declaration that there is no coverage pursuant to the Policy for the claims brought forth by Paone because timely and proper notice was not provided to Plaintiff.

61. Plaintiff is entitled to a declaration that there is no coverage pursuant to the Policy because of the Contractors Special Condition of the Policy which required Defendant KSC to obtain from any independent contractors who worked at the Property, a written indemnity agreement and certificates of insurance naming Defendant KSC as an additional insured.

62. Plaintiff is entitled to a declaration that there is no coverage pursuant to the Policy for the claims brought forth by Paone related to fungi, mold and bacteria.

63. Plaintiff is entitled to a declaration that there is no coverage pursuant to the Policy for punitive damages.

64. Plaintiff is entitled to a declaration that there is no coverage pursuant to the Policy due to the Pending and Prior Litigation Exclusion of the Policy.

WHEREFORE, Plaintiff prays that this Honorable Court issue an Order declaring there is no coverage pursuant to the Policy for the claims brought forth by Paone, and for such other and further relief as this Honorable Court may deem just and proper.

*s/ Christopher C. Mingledorff*
Christopher C. Mingledorff
South Carolina Bar No. 100390
S.C. District Court Bar No. 12034
MINGLEDORFF & PATTERSON, LLC
245 Seven Farms Drive, Suite 310, Box 13
Charleston, South Carolina 29492
(843) 471-1015 – Telephone
(843) 996-1403 – Facsimile
**Attorney for Plaintiff**

February 6, 2025
Charleston, South Carolina